OPINION
On August 4, 2000, the Stark County Grand Jury indicted appellant, David McHenry, on three counts of kidnapping in violation of R.C.2905.01, each with sexual motivation and sexually violent predator specifications, one count of rape in violation of R.C. 2907.02 with a sexually violent predator specification and three counts of gross sexual imposition in violation of R.C. 2907.05, one with a sexually violent predator specification. Said charges arose from incidents involving appellant's girlfriend, Natalie Javens, and her two children, Desiree, age fourteen, and Nathaniel, age twelve.
A jury trial commenced on November 27, 2000. Appellant waived his right to a jury trial on the sexually violent predator specifications. The jury found appellant guilty on all counts, save for two of the sexual motivation specifications. A hearing on the sexually violent predator specifications was held on January 26, 2001. By judgment entry filed February 9, 2001, the trial court dismissed the sexually violent predator specifications, sentenced appellant to an aggregate term of forty-six years in prison and classified appellant as a sexual predator.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I APPELLANT'S CONVICTIONS FOR KIDNAPPING WITH A SEXUAL MOTIVATION SPECIFICATION (COUNT 2), RAPE (COUNT 4) AND GROSS SEXUAL IMPOSITION (COUNT 5) WERE AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 II THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM SENTENCE ON EACH COUNT AND ORDERING THAT ALL COUNTS BE SERVED CONSECUTIVELY WITHOUT SUFFICIENT EVIDENCE TO SUPPORT THE STATUTORY CRITERIA OR THE REQUISITE FINDINGS.
 III THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING.
 IV
H.B. 180 IS UNCONSTITUTIONALLY VAGUE.
 I
Appellant claims his convictions were against the manifest weight and sufficiency of the evidence. We disagree.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v.Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
Specifically, appellant complains of his convictions for kidnapping with a sexual motivation specification as pertaining to Desiree, a felony of the first degree, rape as pertaining to Desiree and gross sexual imposition as pertaining to Nathaniel.
R.C. 2905.01 and R.C. 2941.147 govern kidnapping and sexual motivation specification, respectively, and state in pertinent part the following:
R.C. 2905.01 Kidnapping
 No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:
 * * * To terrorize, or to inflict serious physical harm on the victim or another;
 To engage in sexual activity, as defined in section 2907.01 of the Revised Code, with the victim against the victim's will;
 Whoever violates this section is guilty of kidnapping, a felony of the first degree. If the offender releases the victim in a safe place unharmed, kidnapping is a felony of the second degree.
 R.C. 2941.147 Sexual Motivation Specification
 Whenever a person is charged with an offense that is a violation of section 2903.01, 2903.02, 2903.11, or 2905.01 of the Revised Code, a violation of division (A) of section 2903.04 of the Revised Code, an attempt to violate or complicity in violating section 2903.01, 2903.02, 2903.11, or 2905.01 of the Revised Code when the attempt or complicity is a felony, or an attempt to violate or complicity in violating division (A) of section 2903.04 of the Revised Code when the attempt or complicity is a felony, the indictment, count in the indictment, information, or complaint charging the offense may include a specification that the person committed the offense with a sexual motivation. * * *
R.C. 2907.02(A)(2) governs rape which states "[n]o person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." Gross sexual imposition is defined in R.C. 2907.05 which states in pertinent part the following:
 No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
 The offender purposely compels the other person, or one of the other persons, to submit by force or threat of force.
 * * * The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.
 KIDNAPPING WITH SEXUAL MOTIVATION SPECIFICATION
Appellant argues he did not kidnap Desiree because he left her in her own bedroom and he left her unharmed in a "safe place."
Although appellant left Desiree in her own room, it was after all of the events of the proceeding two hours. T. at 169. Desiree was sleeping when appellant entered her bedroom with Nathaniel. T. at 148-149. Desiree "knew something wasn't right and I could tell Nathaniel was scared." T. at 149. Desiree grabbed a metal bar and struck appellant "in the side." Id. Appellant threatened to kill Desiree if she did that again. Id. Appellant grabbed Desiree and pulled her out of her room and took her to her mother's room where he made both children lay on the bed face down. T. at 121, 150-151. Then appellant took the children to his own bedroom. T. at 151. Appellant told Desiree to undress, redress and lay face down on the bed with Nathaniel. T. at 152. Appellant tied their hands behind their backs and stuck socks in their mouths. T. at 153. Appellant removed the sock from Desiree's mouth after she started choking. T. at 154. Appellant pulled off the top of Desiree's skirt and started rubbing her buttocks and put his finger inside her vagina. T. at 154-155. Sometime thereafter, appellant took Desiree downstairs, leaving Nathaniel in a bedroom, tied up. T. at 161. Appellant told Desiree to sit on his lap whereupon he rubbed her breasts, told her to remove her shirt and bra and rubbed her breasts again. T. at 161-163. Eventually, appellant took Desiree upstairs to his bedroom and told her undress and lay down on the bed. T. at 164-165. Appellant lay on the bed beside Desiree and told her to kiss him. T. at 165. They kissed and appellant touched Desiree's vagina. T. at 166. Thereafter, Desiree's mother returned home and appellant took Desiree downstairs. Id.
The evidence establishes appellant forcibly removed Desiree from one room to another and up and down the stairs. At one point, appellant "tripped on one of the bottom steps" and he told Desiree "not to go so fast or he would kill me." T. at 163. Immediately after securing the children, appellant had Desiree undress and had sexual conduct and sexual contact with her on three separate occasions.
 RAPE
Appellant argues there is no evidence that he penetrated Desiree's vagina with his finger. Appellant argues Desiree had her underwear on all the time. Although this is true, Desiree specifically testified appellant put his finger in her vagina. T. at 155. Desiree knew this because she "could feel it." T. at 182.
 GROSS SEXUAL IMPOSITION
Appellant argues the evidence is insufficient to prove gross sexual imposition as against Nathaniel because he never touched him. Nathaniel testified at one point, appellant made him take off his shirt and shorts. T. at 122. Appellant took off Nathaniel's boxers and then put them back on. Id. Sometime thereafter, appellant tied up Nathaniel and took him and Desiree to his bedroom. T. at 129. Appellant made the children get on the bed whereupon he rubbed their buttocks and stated "[i]sn't this sweet. I should get a medal for this." T. at 129-130. Nathaniel admitted the rubbing incident lasted about ten seconds, but the entire events lasted about two hours. T. at 133, 143.
Appellant argues he did not intend to have sexual contact with the children. He only wished to hold the children as a bargaining tool to get their mother to talk to him. T. at 256. This assertion is belied by the evidence to the contrary.
Clearly the jury chose to believe the children's version of the events over appellant's denials. The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v.Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
Upon review, we find overwhelming evidence of kidnapping for sexual conduct, rape and gross sexual imposition that was corroborated by each child's version of the events. We find sufficient evidence to support the convictions and no manifest miscarriage of justice.
Assignment of Error I is denied.
 II
Appellant claims the trial court erred in sentencing appellant to an aggregate term of forty-six years in prison. Specifically, appellant claims the sentence is not supported by the evidence and the trial court enumerated no facts in support. We disagree.
R.C. 2953.08 governs an appeal of sentence for felony. Subsection (G)(2) states as follows:
 The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court. The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
That the sentence is otherwise contrary to law.
Appellant was found guilty of three counts of kidnapping, one with a sexual motivation specification, felonies of the first and second degree, one count of rape, a felony of the first degree and three counts of gross sexual imposition, felonies of the third and fourth degree. R.C. 2905.01(C); R.C. 2907.02(B); R.C. 2907.05(B). Pursuant to R.C.2929.14(A)(1), felonies of the first degree are punishable by "three, four, five, six, seven, eight, nine, or ten years." Felonies of the second degree are punishable by "two, three, four, five, six, seven, or eight years." Felonies of the third degree are punishable by "one, two, three, four, or five years." Felonies of the fourth degree are punishable by six through eighteen months.
By judgment entry filed February 9, 2001, the trial court sentenced appellant to serve eight years on one of the kidnapping counts, and ten years on each of the remaining two counts of kidnapping, one of which included the sexual motivation specification, and the one count of rape. The trial court also sentenced appellant to serve five years on one of the gross sexual imposition counts, and eighteen months on each of the remaining two counts of gross sexual imposition. The trial court ordered the sentences to run consecutively. The end result is that appellant will serve a total of forty-six years in prison.
First we will address the individual sentences. Pursuant to R.C.2929.14(C), a trial court may impose the longest prison term available "only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section." In sentencing appellant to the longest prison term on every count, the trial court found "that the shortest prison term will demean the seriousness of the defendant's conduct and the shortest prison term will not adequately protect the public from future crime by the defendant or others." See, Judgment Entry filed February 9, 2001. During the sentencing hearing, the trial court discussed the seriousness of the offenses, addressing each count. January 26, 2001 T. at 85-89. Upon review, we cannot find clear and convincing evidence that the record does not support the individual sentences or that the sentences are otherwise contrary to law.
Now we will turn our attention to the issue of consecutive sentences. R.C. 2929.14(E)(4) states as follows:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 * * * The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
In sentencing appellant to consecutive sentences, the trial court found the following:
 that consecutive sentences are necessary to protect the public from future crime or to punish the defendant and not disproportionate to the seriousness of the defendant's conduct and the danger the defendant poses to the public. The Court also finds that the harm caused by the defendant was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the defendant's conduct and the defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the defendant.
See, Judgment Entry filed February 9, 2001.
During the sentencing hearing, the trial court succinctly addressed the issue of consecutive sentences. January 26, 2001 T. at 88-89. The trial court determined the offenses "were separate events even though they occurred on the same day, they were separate specific events relating to different individuals at different times during the course of that particular day." T. at 86. Upon review, we cannot find clear and convincing evidence that the record does not support the consecutive nature of the sentences or that the aggregate sentence is otherwise contrary to law.
Assignment of Error II is denied.
 III
Appellant claims the trial court's classification was inconsistent with the "clear and convincing evidence" standard of R.C. 2950.09(B)(3). We disagree.
In State v. Cook (1998), 83 Ohio St.3d 404, the Supreme Court of Ohio determined R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review this assignment of error under the standard of review contained in C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279. We find this to be the applicable standard as theCook court addressed a similar challenge under a manifest weight standard of review. See, Cook at 426.
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination:
 (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
The trial court heard all of the evidence presented at the trial. Appellant created a reign of terror in the household and victimized two children by gross sexual imposition and digital penetration of one. Appellant was in a position of trust with these children and he abused that trust to control their mother. During the sentencing hearing, the trial court heard testimony regarding appellant's prior criminal offenses, to wit: a 1977 delinquency finding for sexual battery, a 1994 Harrison County conviction for two counts of rape and a 1994 Stark County conviction for soliciting and unlawful restraint. January 26, 2001 T. at 17-19, 28-29, 54.
Clearly the entire record substantiates the trial court's determination in classifying appellant as a sexual predator.
Assignment of Error III is denied.
 IV
Appellant claims H.B. No. 180 is unconstitutionally vague. We disagree.
This court has previously reviewed this argument in State v. RoyceAlbaugh (February 1, 1999), Stark App. Nos. 1997CA00167 and 1997CA00222, unreported, State v. Earl Bair (February 1, 1999), Stark App. No. 1997CA00232, unreported, and Frederick A. McIntyre (February 1, 1999), Stark App. No. 1997CA00366, unreported. We hereby adopt and incorporate the corresponding assignment of error from these opinions herein.
Assignment of Error IV is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By FARMER, J., GWIN, P.J. and HOFFMAN, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.